IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| IFC CREDIT CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 09 B 27094 |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | Hon. Jacqueline P. Cox |
| IFC CREDIT CORPORATION | ) | |
| | ) | **Hearing Date:** |
| Plaintiff, | ) | **Nov. 12, 2009 @ 1:30 p.m. (CST)** |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CHICAGO BANK AND TRUST; | ) | Adv. No. 09-01010 |
| | ) | |
| COACTIVE CAPITAL PARTNERS, INC.; | ) | |
| | ) | |
| MANUFACTURERS AND TRADERS TRUST COMPANY; | ) | |
| | ) | |
| GREENWICH INSURANCE COMPANY; | ) | |
| | ) | |
| RUDOLP D. TREBELS; LEE TREBELS; MARC LANGS; | ) | |
| | ) | |
| JAMES W. KILEY; and JAMES F. WHITE | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION OF MANUFACTURERS AND TRADERS TRUST COMPANY,
SUCCESSOR BY MERGER TO COURT SQUARE LEASING COPORATION TO
TRUSTEE'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY OBJECTION PURSUANT TO SECTIONS 105(a) AND 362(a)(3)
OF THE BANKRUPTCY CODE AND RULE 7065 OF THE FEDERAL RULES
<u>OF BANKRUPTCY PROCEDURE</u>**

Manufacturers and Traders Trust Company ("M&T"), successor by merger to Court Square Leasing Corporation ("CSLC"), by and through its undersigned counsel, hereby objects to the Chapter 7 Trustee's Motion for a Temporary Restraining Order and Preliminary Injunction (the "Objection"). In support of the Objection, M&T states as follows:

MA919:39010\715111.1

M&T opposes the Trustee's request for a preliminary injunction and temporary restraining order to prevent M&T from: (a) obtaining possession or control of the proceeds of a $5 million Management Liability and Company Reimbursement Insurance Policy (the "Policy"), which includes expenditures and advances for defense expenses; and (b) enjoining litigation against non-debtors in the District Court for the Eastern District of Pennsylvania, captioned as *Manufacturers & Traders Trust Company, Successor by Merger to Court Square Leasing Corporation v. Rudolph D. Trebels and Marc Langs*, Civil Action No. 09-04192 (the "Pennsylvania Litigation"), which the Trustee claims is causing the continual accrual of defense expenses that are charged against the aggregate liability limits of the Policy.

### A. THE TRUSTEE IS NOT ENTITLED TO INSURANCE PROCEEDS BECAUSE THE PROCEEDS OF THE POLICY ARE NOT PROPERTY OF THE ESTATE

According to well-established authority, unless and until the terms of an insurance policy are met, and they may never be in this case, the proceeds of that policy are not property of the estate. In re Marchfirst (Maxwell v. Megliola), 288 B.R. 527 (Bankr. N.D. Ill. 2002), aff'd Megliola v. Maxwell, 293 B.R. 443 (N.D. Ill. 2003). If the proceeds are not property of the estate, the Trustee is not entitled to possession of those proceeds. In the case before this Court, the Trustee has not concluded his investigation, much less filed a lawsuit or claim against the directors and officers, and, in fact, may never file such a lawsuit. Therefore, the Trustee has not met the terms of the Policy, which state that "The Insurer shall pay on behalf of the Insureds Loss resulting from a Claim first made against the Insureds. . . for a Wrongful Act." See Policy, Miscellaneous Professional Liability Extension Endorsement. The Trustee's mere presumption in his Motion that the proceeds

404483 v1

2

MA919:39010\715111.1

of the Policy are property of the IFC bankruptcy estate, and therefore he can enjoin the use of those proceeds is not the law in this District. The fact that non-debtor officers may have put the Insurer on notice of litigation against them does not make the proceeds property of this bankruptcy estate.

This request for an injunction was brought about by the Trustee, who sought tail coverage for insurance that extended the date of the Policy for another year, perhaps without considering the provisions of the Policy that provided defense costs of the insiders be paid, or taking into account that such defense costs would be deducted from the total Policy proceeds. M&T did not request that the Trustee pay for the additional insurance coverage. Nor should the Trustee be permitted to effectively enjoin the Pennsylvania Litigation because of the Trustee's decision to extend the Policy and thereby enable the non-debtor defendants to seek defense expenses.

Therefore, the Policy's proceeds are not property of the IFC bankruptcy estate, and the Trustee cannot obtain possession and control of the proceeds to the exclusion of parties such as M&T.

## B. ENJOINING LITIGATION AGAINST NON-DEBTORS IS AN IMPROPER USE OF A BANKRUPTCY COURT'S AUTHORITY

### 1. This Court Should Not Grant the Trustee's Request Based on *In re Lancelot Investor's Fund* Because The Facts in That Case Are Distinguishable From M&T's Litigation Against Non-Debtors Rudolph Trebels and Marc Langs

While the Trustee seeks to have this Court believe that his request is identical to the request of the Chapter 7 trustee and the facts of In re Lancelot Investor's Fund L.P. (Ronald R. Peterson, as Trustee v. Ellerbrock Family Trust), 408 B.R. 167 (Bankr. N.D. Ill. 2009), that suggestion is inaccurate. In Lancelot, the bankruptcy court was faced with

general claims that the Debtor's investors asserted against the Debtor's auditor. The Lancelot Court acknowledged that it was faced with general claims and stated:

> . . . the claims McKinley is asserting against McGladrey are **general claims that rightfully belong to the bankruptcy estate**. The alleged professional negligence and misrepresentations were suffered by many creditors, not just McKinley. The financial information McKinley relied upon was distributed to all investors, not individually to Mc Kinley. This puts McKinley in the same shoes as the investors who relied upon the financial reports. This is apparently based on the multitude of other lawsuits filed by other creditors of the estate against McGladrey alleging claims sounding in misrepresentation and professional negligence.

Lancelot 408 B.R. at 172 (emphasis added). As the Court also acknowledged, and as the Seventh Circuit has confirmed, "The Trustee has no standing to bring personal claims where only the claimant suffered harm and no other claimants or creditors has an interest in the cause." Id. at 172, citing Koch Ref. v. Farmers Union Cent. Exch., 831 F.2d 1339, 1348 (7th Cir. 1987). The test for distinguishing between a personal claim and a general claim is set forth by the Court in Koch:

> to determine whether a claim is a general or personal claim, the "injury for which relief is sought" must be examined. (citation omitted) This is accomplished by considering "whether that injury is peculiar and personal to the claimant or general and common to the corporation and creditors."

Lancelot, 408 B.R. at 172, citing Koch, 831 F.2d. at 1349. Nor should this Court rely on the Seventh Circuit opinion, Fisher v. Apostolou, 155 F.3d 876 (7th Cir. 1998), which the Trustee also suggests is similar to the case before this Court. In Apostolou, the oourt held that it could enjoin investors' claims because -- although the plaintiffs' claims were not property of the bankruptcy estate, the court stated, "it is difficult to imagine how those

claims could be more closely 'related to' it. They are claims to the same limited pool of money, in possession of the same defendants, as a result of the same acts, performed by the same individuals, as part of the same conspiracy." Apostolou, 155 F.3d at 882.[1]

The Facts of the Pennsylvania Litigation

On or around December 31, 2007, Defendant Marc Langs, the Chief Financial Officer, signed an agreement for IFC, and IFC sold and assigned, and CSLC purchased a stream of monthly or periodic lease payments (*i.e.* Purchase Payments), chattel paper and certain related equipment in a Master Lease Syndication and Assignment Agreement (the "Portfolio Purchase Agreement"). In the Portfolio Purchase Agreement, IFC expressly agreed, among other things, and based on Defendant Langs' signature, that IFC was bound by the Portfolio Purchase Agreement, to, *inter alia,* bill and collect certain Lease payments, including the late charges, interest and all other amounts payable under the Leases, and pay to CSLC on a certain day all Purchase Payments due under such Leases. No other creditors of IFC were parties to the Portfolio Purchase Agreement.

After mounting losses and numerous broken promises by Langs, on May 31, 2009, CSLC negotiated a Settlement Agreement and Mutual Release (the "Settlement Agreement") that provided, *inter alia*, for CSLC to receive certain lump sum payments. The Settlement Agreement was signed by the other non-debtor Defendant, Rudolph D.

---

[1] After the Koch decision upon which the bankruptcy court in Lancelot relies, the District Court, and the Seventh Circuit vacated a preliminary injunction ordered by a bankruptcy court at the behest of a trustee enjoining a third party's litigation against a non-debtor. In re Teknek , LLC, (Levy v. Systems Delivery, Inc.), 563 F3d 639, 644 (7th Cir. 2009). In Teknek, the District Court determined that the Trustee had no standing to bring the personal claims that were not property of the estate and were not claims within the bankruptcy court's "related to" jurisdiction because the harm suffered by the plaintiff was not a harm that other creditor could claim. The court also decided that permitting the plaintiff to collect against non-debtors would not prevent the trustee from pursuing his claims on behalf of the debtor's estate.

Trebels, as president of IFC. Again, there are no other creditors of IFC's bankruptcy estate that are parties to the Settlement Agreement.

Thereafter, despite CSLC's best efforts, IFC breached the Settlement Agreement, which contained a Confession of Judgment clause, and M&T obtained a Judgment against IFC. Subsequently, the bankruptcy was filed, and M&T filed the Pennsylvania Litigation against Langs, who signed the Portfolio Purchase Agreement, and Trebels, who signed the Settlement Agreement. M&T's claims are for breach of fiduciary duty, fraud, unjust enrichment, negligence and civil conspiracy, and have nothing to do with any other creditors of IFC. In its Complaint, M&T alleges, among other things, that Defendant Trebels and Langs caused IFC to blatantly breach its Agreements with CSLC, and Trebels' and Langs' actions were intentional and targeted to harm CSLC.

Unlike the facts in Lancelot, in the Pennsylvania Litigation, M&T's claims against the non-debtors Trebels and Langs, are personal to M&T. Moreover, M&T's claims are not to the same pool of money that other creditors may recover from, and are not a result of the same acts performed by the same individuals as part of the same conspiracy.

M&T's position as the plaintiff in the Pennsylvania Litigation with personal claims is distinguishable from the position of the investors who were plaintiffs who held general claims that were property of the estate in the Lancelot case. The court of appeals in Koch stated the test as follows:

> to determine whether a claim is a general or personal claim, the 'injury for which relief is sought' must be examined. (citation omitted) This is accomplished by considering "whether that injury is peculiar and personal to the claimant or general and common to the corporation and creditors.

Lancelot, 408 B.R. at 172, citing Koch, 831 F.2d. at 1349. The Trustee has no standing to bring M&T's claims on M&T's behalf. Moreover, the Pennsylvania Litigation is not "related to" the IFC bankruptcy proceeding because the Pennsylvania Litigation is not sufficiently related to the Trustee's administration of the IFC bankruptcy estate. The Pennsylvania Litigation will not affect the amount of assets in the estate or the allocation of property among creditors.

Therefore, because M&T's claim is a personal claim, and for all the reasons previously stated, this Court should not grant the Trustee's request to enjoin the Pennsylvania Litigation against non-debtors.

### 2. If this Court Enjoins the Pennsylvania Litigation, this Court Will Condone the Trustee's Violation of Rule 65 of the Federal Rules of Bankruptcy Procedure

If this Court does not require the Trustee to show irreparable harm before he is entitled to enjoin the Pennsylvania Litigation, the Court will condone the Trustee's violation of Rule 65 of the Federal Rules of Civil Procedure, as applicable to this Adversary Proceeding by Rule 7065 of the Bankruptcy Rules. Rule 7065 states:

> Rule 65 F.R. Civ. P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65 (c).

Pursuant to F.R. Civ. P. Rule 65 (b):

> **Temporary Restraining Order; Notice; Hearing; Duration.** A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the

> applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Moreover, bankruptcy law enforces non-bankruptcy entitlements, unless they are modified according to the Bankruptcy Code. See, e.g. Butner v. United States, 440 U.S. 48, 99 S.Ct. 914 (1979). Generally, a loss of money is not considered irreparable harm. See People ex rel. Madigan v. Excavating and Lowboy Services, Inc., 902 N.E. 2d 1218, 1229 (Ill. App. 1 Dist. 2009).

A majority of Circuits Courts that have reviewed injunctions staying actions against non-debtors have applied the usual preliminary injunction standard. Congress intended that standard to apply to Section 105 preliminary injunctions. S. Rep No. 95-989 at 51 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5836-37; H. IR Rep. No. 95-995, at 342 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963,-6298. Cf. Fisher v. Apostolou, 155 F. 3d 876 (7th Cir. 1988). See, In re Excel Innovations, Inc., 502 F.3d 1086 (9th Cir. 2007; see also, ) In re Eagle-Picher Indus., Inc. (Am. Imaging Servs. v. Eagle-Picher Indus., Inc. ), 963 F.2d 855, 858 (6th Cir.1992); A.H. Robbins v. Piccinin, 788 F.2d 994, 1008 (4th Cir.1986); In re Commonwealth Oil Ref.(Commonwealth Oil Ref. Co. v. EPA), 805 F.2d 1175, 1188-89 (5th Cir.1986). As the Ninth Circuit explained in the Excel case, the Second, Third, and Eighth Circuits have similarly applied the traditional standard with respect to stays that are not automatic under § 362(a). See NLRB v. Superior Forwarding, Inc., 762 F.2d 695, 699 n.3 (8th Cir, 1985) (staying NLRB regulatory proceeding against debtor); In re Wedgewood Realty Group, Ltd. (Wedgewood Realty Group Inc. Fund v. Wedgewood Realty Group, Ltd)., 878 F.2d 693, 700-01 (3d Cir. 1989). Therefore, the

404483 v1

8

Seventh Circuit's position that a trustee need not show irreparable harm is against the weight of authority and the Legislative History of the Bankruptcy Code and contrary to the Federal Rules of Bankruptcy Procedure. A party seeking a preliminary injunction must demonstrate, (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted. The Trustee cannot show a likelihood of success on the merits as he has not sued Trebels and Langs. Nor can the Trustee show lack of an adequate remedy at law because he could sue Trebels and Langs for monetary damages outside of the Policy proceeds. The Trustee cannot show irreparable harm because monetary damages, are not irreparable harm.

To deviate from this standard deprives M&T of its due process rights under the United States Constitution to bring a claim in the court of its choice that has appropriate jurisdiction over its claim. Moreover, if there truly was irreparable harm in this case, which was filed in July, the Trustee already would have made his decision to bring a claim against the directors or officers of the Debtor. Instead, the Trustee has not sought depositions of the directors or officers, and the 341(a) Meeting of Creditors is **now** scheduled for next month.

Therefore, this Court should not grant the Trustee's request for an injunction of the Pennsylvania Litigation against non-debtors as such relief exceeds the bounds of the

power granted by Congress to this Court under Section 105(a) of the Bankruptcy Code.

        Respectfully submitted,

        MANUFACTURERS AND TRADERS TRUST
        COMPANY


By:  */s/ Pia N. Thompson*
    Pia N. Thompson (IL Bar. No. 6225746)
    Kovitz Shifrin Nesbit
    750 West Lake Cook Road, Suite 350
    Buffalo Grove, IL 60089
    Direct Dial: 847.777.7258
    pthompson@ksnlaw.com

    and

    Stephen Levin (PA Bar No. 19300)
    Deirdre M. Richards (PA Bar No. 57712)
    LAMM RUBENSTONE LLC
    3600 Horizon Boulevard, Suite 200
    Trevose, PA 19053
    *Attorneys for Manufacturers & Traders*
    *Trust Company*

404483 v1

MA919.39010\715111.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 4th day of November, 2009, she electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

**Cindy M. Johnson**
Johnson & Newby, LLC
39 S. LaSalle Street
Suite 820
Chicago, IL 60603
(312) 345-1306
Email: cjohnson@inlegal.net
*Counsel for Debtor*

**John M. Holowach**
Johnson and Newby
39 S. LaSalle Street
Suite 820
Chicago, IL 60603
(312) 345-1306
Email: JHolowach@inlegal.net
*Counsel for Debtor*

**Allen J. Guon**
Shaw Gussis Fishman Glantz Wolfson & Tow
321 N. Clark St., Suite 800
Chicago, IL 60610
(312) 541-0151
Email: aguon@shawgussis.com
*Counsel for Trustee*

**Carrie A. Zuniga**
Leibowitz Law Center
420 West Clayton Street
Waukegan, IL 60085-4216
(847) 249-9100
Email: czuniga@lakelaw.com
*Counsel for Trustee*

**David P. Leibowitz**
Leibowitz Law Center
420 Clayton Street
Waukegan, IL 60085-4232
(847) 249-9100

404483 v1

11

MA919:39010\715111.1

Email: dleibowitz@lakelaw.com
*Trustee*

**Sara Doran**
Troutman Sanders LLP
55 West Monroe Street
Suite 3000
Chicago, IL 60603
(312) 759-5944
Email: sara.doran@troutmansanders.com
*Counsel for Greenwich Insurance Company*

**Ira Bodenstein**
Shaw, Gussis, Fishman, Glantz, et al.
321 N. Clark St., Suite 800
Chicago, IL 60610
(312) 666-2861
Email: ibodenstein@shawgussis.com
*Counsel for Trustee*

**Jonathan T. Brand**
Lakelaw
420 W. Clayton Street
Waukegan, IL 60085
(847) 249-9100
Email: jbrand@lakelaw.com
*Counsel for Trustee*

**William T. Neary**
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street
Room 873
Chicago, IL 60604
(312) 886-5785
*U.S. Trustee*

                                      s/ Deirdre M. Richards
                                      Deirdre M. Richards (PA Bar No. 57712)
                                      Lamm Rubenstone LLC
                                      3600 Horizon Boulevard, Suite 200
                                      Trevose, PA 19053
                                      *Attorneys for Manufacturers & Traders*
                                      *Trust Company*